UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BAUHAUS SOFTWARE INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| TVPAINT DEVELOPPEMENT, and CLAUDE ADAM, Individually, and HERVE ADAM, Individually, | § § § § § | SA-05-CA-1209 FB (NN) |
| Defendants. | § § | |
| and | § § | |
| TVPAINT DEVELOPPEMENT, | § § | |
| Third-Party Plaintiff, | § § | |
| v. | § § | |
| DAN KRAUS, Individually, and PAUL FORD, Individually, and STACEY FORD, Individually, | § § § § | |
| Third-Party Defendants. | § | |

**ORDER ON MOTIONS FOR HEARING ON PRELIMINARY INJUNCTIONS**
**(Docket Entries 9, 21, and 27 )**

The matters before the Court are TVPaint Developpment ("TVPaint")[1] and Bauhaus Software Inc.'s ("Bauhaus")[2] motions for an oral hearing on their motions for preliminary injunctions (Docket Entries 9, 21, and 27). After considering the motions for an oral hearing as

---

[1] TVPaint Developpement, Claude Adams and Herve Adams, collectively, will be referred to as TVPaint.

[2] Bauhaus Software Inc., Dan Kraus, Paul Ford, and Stacey Ford, collectively, will be referred to as Bauhaus.

well as the motions for preliminary injunctions[3] and responses thereto,[4] the motions for an oral hearing are **DENIED** for the following reasons.

On December 16, 2005, Bauhaus Software Inc. filed a complaint alleging that TVPaint breached a contract for the distribution and development of certain computer software programs. Bauhaus Software Inc. further alleged that TVPaint committed fraud by making misrepresentations to plaintiff thereby inducing plaintiff to enter into the distribution and development contract. Finally, Bauhaus Software Inc. alleged that defendants tortiously interfered with prospective contracts between plaintiff and a third entity.[5]

On September 1, 2006, TVPaint answered the complaint and filed a counterclaim against plaintiff and a third party complaint against Bauhaus principals Dan Kraus, Paul Ford, and Stacey Ford. TVPaint claimed that it had terminated the distribution and development contract and Bauhaus continued to distribute TVPaint's software thereby infringing on TVPaint's copyrights. TVPaint also claimed that Bauhaus engaged in unfair trade practices, false advertising, misappropriation and unfair competition, tortious interference with business relations, slander, and libel. Furthermore, TVPaint alleged that Bauhaus breached the software distribution and development contract and asked for a declaratory judgment holding that TVPaint did not commit any wrongful acts relative to its business dealings with Bauhaus.[6]

In conjunction with its complaint, TVPaint filed a motion for a preliminary injunction

---

[3] Docket Entries 8, 30.

[4] Docket Entries 26 and 33.

[5] Docket Entry 1.

[6] Docket Entry 10. TVPaint filed an amended answer and complaint on October 26, 2006. Docket Entry 37.

asking the Court to enjoin Bauhaus from reproducing and distributing any works based on TVPaint software and altering or destroying any of the business records relating or referring to TVPaint's software.[7]

On October 25, 2006, Bauhaus filed a motion for a preliminary injunction.[8] In the motion, Bauhaus asked the Court to enjoin TVPaint from reproducing or preparing derivative works based on Bauhaus software, destroying or altering business records relating to or referring to Bauhaus' copyrighted software, and making any statements concerning Bauhaus meant to impeach Bauhaus' honesty, integrity, virtue, or reputation.[9]

All the parties have requested an oral hearing on the motions for preliminary injunctions. Federal Rule of Civil Procedure 65(a)(1) specifies that "[n]o preliminary injunction shall be issued without notice to the adverse party." The Fifth Circuit has interpreted the notice provision of Rule 65(a)(1) to mean that "'where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted.'"[10] "If no factual dispute is involved, however, no oral hearing is required; under such circumstances the parties need only be given 'ample opportunity

---

[7] Docket Entry 8.

[8] Bauhaus previously included a motion for a preliminary injunction in its amended complaint submitted on October 10, 2006. See Docket Entry 20. I entered an Order advising the parties of Local Rule CV 65, which requires motions for preliminary injunctions to be made in a separate instrument. Docket Entry 22. Accordingly, Docket Entry 30 is the operative document for Bauhaus' motion for a preliminary injunction.

[9] Docket Entry 30.

[10] **PCI Transp., Inc. v. Fort Worth & Western R. Co.**, 418 F.3d 535, 546 (5th Cir. 2005) (quoting **Kaepa, Inc. v. Achilles Corp.**, 76 F.3d 624, 628 (5th Cir.1996)). **See also Commerce Park at DFW Freeport v. Mardian Constr. Co.**, 729 F.2d 334, 342 (5th Cir.1984).

to present their respective views of the legal issues involved.'"[11]

In this case there does not appear to be a material factual dispute necessitating a hearing on the motions for preliminary injunction. There is no dispute that the parties entered into a distribution and development contract concerning the sale of software initially created by TVPaint. Likewise, there is no dispute that in November 2005, TVPaint gave Bauhaus notice that it considered Bauhaus in breach of the contract and that Bauhaus had a right to cure the breach, otherwise TVPaint would terminate the contract.[12] TVPaint subsequently terminated the contract. The parties do not deny that they took the subsequent actions alleged in Bauhaus' complaint and TVPaint's counterclaim and third party complaint.

While Bauhaus disputes that it breached the contract, the Court does not need to determine that question to resolve the preliminary injunction motions. The parties have adequately briefed the law concerning preliminary injunctions. Furthermore they have submitted the distribution and development contract that is at the heart of the litigation along with numerous documents to support their respective positions. Neither party has identified witnesses whose testimony would be necessary for the Court to hear in order to reach a decision on the preliminary injunctions. It is unclear what, if any, additional evidence the parties would produce at a hearing. To the extent that they wish to provide oral argument, the Court finds that oral argument is unnecessary at this time.

Accordingly, TVPaint and Bauhaus' motions for an oral hearing on their motions for preliminary injunction are hereby **DENIED**. However, in the interest of justice and fairness, the

---

[11] **Kaepa, Inc.**, 76 F.3d at 628.

[12] Docket Entry 8, Exh. D.

parties may submit any additional evidence, authority, and argument that they wish considered relative to their motions for preliminary injunction. Such evidence, authority, and argument shall be filed no later than November 13, 2006.

    It is so **Ordered.**

    **SIGNED** on November 1, 2006.

                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE