UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BAUHAUS SOFTWARE INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **TVPAINT DEVELOPPEMENT, and** | § | SA-05-CA-1209 FB (NN) |
| **CLAUDE ADAM, Individually, and** | § | |
| **HERVE ADAM, Individually,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| and | § | |
| | § | |
| **TVPAINT DEVELOPPEMENT,** | § | |
| | § | |
| **Third-Party Plaintiff,** | § | |
| v. | § | |
| | § | |
| **DAN KRAUS, Individually, and** | § | |
| **PAUL FORD, Individually, and** | § | |
| **STACEY FORD, Individually,** | § | |
| | § | |
| **Third-Party Defendants.** | § | |

**ORDER DENYING MOTIONS TO ENFORCE AND FOR SANCTIONS (#230 & #242)**

The matter before the Court is the plaintiffs' motion to enforce protective order, defendant's response thereto including defendant's motion for sanctions, and plaintiffs' reply/response (docket entries 230, 242 and 251).

By their motion plaintiffs explain that defendant refused to respond directly to a question concerning whether unauthorized persons had access to "attorneys eyes only" documents disclosed pursuant to a protective order. The question arose when Herve Adam and Claude Adam filed acknowledgments stating that they were persons authorized to receive disclosure of both confidential as well as "for counsel only (for 'attorneys eyes only')" documents. Defendant's response to plaintiffs'

1

inquiry concerning the extent of the Adams access to documents covered by the protective order stated:

> We submitted the signed acknowledgments for Mr. Claude Adam and Mr. Herve Adam for the purpose of any possible disclosures of "confidential" documents only, under paragraph 3(c) of the protective order. We never considered the acknowledgments to indicate that Mr. Claude Adam and Mr. Herve Adam would have any access to attorney eyes only documents and confirm that they will not.

The response clearly stated that the Adams would not have access to "attorney eyes only" documents in the future, but when some of plaintiffs customers reported receiving an unsolicited newsletter from defendant, plaintiffs asked for an assurance that the Adams had not had access in the past to "attorney eyes only" documents. Defendant did not directly respond and plaintiffs filed the motion for enforcement of the protective order. Defendant responds to the motion to enforce that the motion is speculative and filed in bad faith, warranting sanctions.

I construe the motion as seeking a confirmation that the Adams have not in the past had access to "attorney eyes only" documents. That confirmation is provided in the declarations attached to defendant's response to the motion. Accordingly, the relief which the motion seeks has been obtained and no further intervention by the Court is necessary. The motion is ORDERED DENIED as moot. Insofar as defendant asks the Court to find the motion was filed in bad faith so as to warrant sanctions, that motion is DENIED. The motion was filed after plaintiffs attempted to obtain reasonable assurances from defendant in response to acknowledgments which may have become "standard" but which were nevertheless unclear, and after nonparties received unsolicited newsletters. In this situation, the motion to enforce the protective order was not frivolous and the filing of the motion does not warrant sanctions.

It is so ORDERED.

**SIGNED** on February 19, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE